# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SEAN WESLEY (#372598)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                              **18-976-SDD-EWD**

**JAMES LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 5, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SEAN WESLEY (#372598)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                              **18-976-SDD-EWD**

**JAMES LeBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Sean Wesley ("Plaintiff"), instituted this action pursuant to 42 U.S.C. § 1983 against numerous "John Does," who are employed as wardens of Elayn Hunt Correctional Center, Jackson Parish Correctional Center, Madison Parish Correctional Center, Ouachita Parish Correctional Center, Plaquemines Parish Detention Center, River Correctional Center, and Tensas Detention Center, as well as a John Doe, who is employed as Sheriff at the Bossier Parish Correctional Center, and Marlin Guzman, who is employed as Sheriff in the Parish of Orleans.[1] Plaintiff has also named as a defendant James LeBlanc.[2] Plaintiff alleges, essentially, that he has been transferred from prison to prison and has not received treatment for Hepatitis C at any facility, in deliberate indifference to a serious medical need in violation of the Eighth Amendment.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[3]  Both statutes are intended

---

[1] R. Doc. 4.  Plaintiff's original complaint failed to specifically name any defendants; thus, though Plaintiff reiterates the claims set forth in his original complaint, which are generally the same as those set forth in the amended complaint, the Court considers as Defendants those specifically listed in the amended complaint.

[2] R. Doc. 4.

[3] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless

to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

It is proper to dismiss an action as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[4]  "An action is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"[5] Further, complaints filed *in forma pauperis* may be dismissed as frivolous when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated.[6]  Plaintiff has previously filed two suits regarding his prison transfers and the alleged lack of treatment for Hepatitis C at various facilities.

Plaintiff's first action was filed on or about September 21, 2016 against the Claiborne Parish Detention Center (also named as a defendant in this case), and various officials employed there.[7]  The Report and Recommendation issued in that action noted that Plaintiff had been transferred from Orleans Parish, where he was arrested, to Madison Detention Center,[8] LaSalle Correctional Center, Claiborne Parish Detention Center, and then, River Correctional Center.[9] Plaintiff filed an amended complaint in that case, stating he had been transferred to facilities in Jackson, Bossier, Tensas, Plaquemine, Cottonport, and to Elayn Hunt Correctional Center, and had filed grievances at each of these facilities because he was positive for Hepatitis C but had not

---

of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on April 26, 2019. (R. Doc. 5).
[4] *See Roberson v. Breen*, 444 Fed.Appx. 841, 842 (5th Cir. 2011).
[5] *Emmett v. Hawthorn*, 459 Fed.Appx. 490, 491 (5th Cir. 2012), *citing Baily v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).
[6] *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).
[7] *Wesley v. Claiborne Parish Detention Center*, Civil Action No. 16-1332 (W.D. La.).
[8] Also a Defendant here.
[9] *Wesley v. Claiborne Parish Detention Center*, Civil Action No. 16-1332, 2018 WL 7500269 at *1-2 (Oct. 10, 2018). River Correctional is a Defendant herein.

been treated at any of these facilities.[10]  Plaintiff's amended complaint in this first action is nearly identical to the Complaint filed in this case.[11]  The first action was dismissed November 14, 2018 because Plaintiff failed to establish that the defendants were deliberately indifferent to his serious medical needs.[12]

Plaintiff filed the second action on October 21, 2016 while incarcerated at River Correctional Center (also named as a defendant in this case).  At the time the action was dismissed Plaintiff was incarcerated at the Jackson Parish Correctional Center.[13]  In the Complaint in this second action, Plaintiff named the Department of Corrections, its "Internal Affairs" department, and its administrative department as defendants.[14]  Plaintiff alleged he had been transferred to various prisons where he was continually denied medical treatment for Hepatitis C and requested to be transferred to a facility where he could receive treatment.[15]  On April 4, 2017, Plaintiff's Complaint in the second action was dismissed as frivolous under 28 U.S.C. §§1915(E)(2)(B) and 1915A(b).[16]

Plaintiff's claims in this case arise out of the same series of events complained of in both of his previously filed actions.  As recognized by the Western District of Louisiana in one of the prior cases, it appears as though Plaintiff seeks to attack the entire prison system for its consistent transfers and failure to provide Hepatitis C treatment.[17]  In the prior suits, as here, Plaintiff complained regarding prison transfers and lack of Hepatitis C treatment.  Notwithstanding

---

[10] *Id.* at 2.  Though Plaintiff was allowed to amend his complaint to include facts regarding these facilities the court did not permit Plaintiff to amend his complaint to add these defendants because Plaintiff did not seek to file his amendment until after the defendants had already filed their Motion for Summary Judgment.  *Wesley v. Claiborne Parish Detention Center*, Civil Action No. 16-1332 at R. Docs. 53 & 54 (W.D. La.).

[11] *Wesley v. Claiborne Parish Detention Center*, Civil Action No. 16-1332 at R. Doc. 54 (W.D. La.).

[12] *Id.* at R. Docs. 57 & 63.

[13] *Wesley v. Internal Affairs, et al.*, Civil Action No. 16-1480 (W.D. La.).

[14] *Id.* at R. Doc. 1.

[15] *Id.*

[16] *Id.* at R. Doc. 19.

[17] *Wesley v. Claiborne Parish Detention Center*, Civil Action No. 16-1332, 2018 WL 7500269 at *3 (Oct. 10, 2018).

Plaintiff's attempts to add new Defendants, such as James LeBlanc, in this case, his claims remain frivolous because they arise out of a common nucleus of operative facts such that they could have been brought in the prior litigation.[18]  Plaintiff's attempt to relitigate the same claims arising out of substantially the same facts as these prior cases warrants dismissal.[19]

Further, this action may also be considered malicious based on the dates of pertinent events. Plaintiff filed his first action in the Western District of Louisiana on September 21, 2016[20] and his second action in the Western District of Louisiana on October 21, 2016.[21]  The second-filed action was dismissed as frivolous on April 4, 2017.[22]  The Report and Recommendation recommending dismissal of the first-filed action via summary judgment was docketed on October 10, 2018.[23]  A mere seven days later, Plaintiff signed the Complaint in this case, which was ultimately filed on October 23, 2018.[24]  This series of events indicates abuse of the judicial process warranting dismissal of this action as malicious.[25]  It is also appropriate to dismiss this action with prejudice

---

[18] *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993) (a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation).

[19] *See Lewis v. Secretary of Public Safety and Corrections*, 508 Fed.Appx. 341 (5th Cir. 2013), *citing Bailey*, 846 F.2d at 1021; *see also Wilson*, 878 F.2d at 850.

[20] *Wesley v. Claiborne Parish Detention Center*, Civil Action No. 16-1332 (W.D. La.).

[21] *Wesley v. Internal Affairs, et al.*, Civil Action No. 16-1480 (W.D. La.).

[22] *Id.* at R. Doc. 19.

[23] *Wesley v. Claiborne Parish Detention Center*, Civil Action No. 16-1332 (W.D. La.) at R. Doc. 57.

[24] R. Doc. 1.

[25] *See Hicks v. Brysch*, 989 F.Supp. 797, 822-23 (W.D. Tex. Sept. 29, 1997) *citing Pittman*, 980 F.2d at 995 and *Bailey*, 846 F.2d at 1021 ("It is malicious *per se* for a pauper to file successive In Forma Pauperis suits that duplicate claims made in other pending or previous lawsuits.").  Even if Plaintiff's claims were not considered frivolous or malicious because they are duplicative and/or malicious, this action should nevertheless be dismissed for failure to state a claim.  Plaintiff has named as defendant the wardens of various facilities, James LeBlanc, and Marlin Guzman. James LeBlanc, as Secretary of the Department of Corrections, and the wardens of the facilities named have no personal involvement in the day to day medical care of inmates at the facilities.  *See Jacobs v. LeBlanc*, Civil Action No. 100-271, 2011 WL 1043239 (M.D. La. Feb. 11, 2011).  Considering the lack of personal involvement, they cannot be held liable pursuant to § 1983.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Further, Plaintiff did not make a single factual allegation against Guzman in his Complaint rendering that claim ripe for dismissal for failure to state a claim.

as Plaintiff's other pending suits regarding this same series of events have been dismissed at this time.[26]

## <u>RECOMMENDATION</u>

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** as frivolous and malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[27]

**IT IS FURTHER RECOMMENDED** that, if this recommendation is adopted, Plaintiff's pending motions[28] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on November 5, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26]*See Lewis*, 508 Fed.Appx. at 344 (finding dismissal without prejudice appropriate where a successive *in forma pauperis* suit is duplicative to permit prosecution of claims in the other pending case).

[27] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[28] R. Docs. 6 & 7.